Faula v Auxiliary of Elmhurst Hosp. Ctr. of the N.Y. City Health & Hosps. Corp., Inc.

2026 NY Slip Op 03372

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Maria Rivadeneria Faula, Plaintiff-Appellant,

v

The Auxiliary of Elmhurst Hospital Center of the New York City Health and Hospitals Corporation, Inc. Doing Business as Elmhurst Hospital, et al., Defendants-Respondents.

Decided and Entered: May 28, 2026

Index No. 816408/24|Appeal No. 6739|Case No. 2025-07473|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Derek Smith Law Group, PLLC, New York (Alexander G. Cabeceiras of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Stephanie Teplin of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 22, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's complaint alleging claims of hostile work environment and retaliation under the New York State Human Rights Law (State HRL) and New York City Human Rights Law (City HRL), unanimously affirmed, without costs.

Supreme Court properly dismissed plaintiff's claims under the State HRL and City HRL because both defendants are improper parties. Plaintiff failed to allege that Gonzalez had "a role in administering the compensation, terms, conditions, or privileges of plaintiff's employment" (Russell v New York Univ., 42 NY3d 377, 388 [2024]; see Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y., 228 AD3d 482, 484 [1st Dept 2024]), a necessary requirement to state a claim against an individual. Nor is Elmhurst a proper party because it "may not be sued in its independent capacity" as it is "a facility owned and operated by" the New York City Health and Hospitals Corporation (Hanley v New York City Health and Hosps. Corp., 722 F Supp 3d 112, 119 [ED NY 2024], affd on other grounds 2025 WL 3677426 [2d Cir 2025]).

Furthermore, the court properly declined to allow plaintiff to amend the complaint to name the proper entity, as her request to amend "was improperly raised in opposition papers rather than by notice of motion" (Ran v Weiner, 170 AD3d 425, 426 [1st Dept 2019]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026